■    BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF NIAGARA, WHEATFIELD, LEWISTON AND CAMBRIA, Respondent-Appellant, v NIAGARA-WHEATFIELD TEACHERS ASSOCIATION et al., Appellants-Respondents.—Order unanimously affirmed, without costs, on the opinion at Special Term, Kronenberg, J., and the following memorandum: We only add that the fact that a contract does not specifically authorize monetary damages will not prohibit the arbitrator from awarding them in a proper case. Only an express prohibition of damages, absent here, will have that effect *(Matter of Bellmore-Merrick United Secondary Teachers v Board of Educ.,* 51 AD2d 762, 763). Special Term properly vacated the damages provision in the instant case on the ground that the damages awarded were punitive rather than compensatory. It is now settled that an arbitrator's award which imposes punitive damages violates "a public policy of such magnitude as to call for judicial intrusion" *(Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 356), at least where, as here, the underlying contract neither expressly authorizes such damages nor provides a method of assessing them. The arbitrator's acknowledgment that the grievant might not have received the appointment even if his rights had been safeguarded is tantamount to a finding that he might not have suffered any actual damages. Thus the conclusion seems inescapable that the damages were not intended as compensation for lost earnings or any other actual loss, but rather as a penalty for a claimed "flagrant" violation of the grievant's contractual rights. We concur with the conclusion that the damages awarded were punitive. (Appeals from order of Niagara Supreme Court—vacate arbitrator's award.) Present—Cardamone, J. P., Hancock, Denman, Goldman and Witmer, JJ.

■    In the Matter of ROSETTA NEWPORT, Respondent, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Judgment unanimously affirmed, with costs, for the reasons expressed in the memorandum decision at Special Term, Conway, J. Petitioner's claim of need under emergency conditions was clearly before the hearing officer and respondents, and was impliedly ruled upon adversely to petitioner. Such action was arbitrary and unreasonable under the circumstances and was properly annulled by Special Term. (Appeal from judgment of Onondaga Supreme Court—article 78.) Present—Cardamone, J. P., Hancock, Denman, Goldman and Witmer, JJ.