In the Matter of the Arbitration between NORTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant, and NORTH COLONIE TEACHERS' ASSOCIATION, Respondent.

Third Department, January 26, 1978

APPEARANCES OF COUNSEL

*David W. Morris* for appellant.

*Bernard F. Ashe* (*Richard E. Casagrande* of counsel), for respondent.

**OPINION OF THE COURT**

MAIN, J.

The instant controversy centers upon an alleged violation by the North Colonie Central School District (district) of a clause relating to class size contained in the collective bargaining agreement between the district and the North Colonie Teachers' Association (association) for the period July 1, 1974 through June 30, 1976. Pursuant to the subject clause, the parties generally agreed to keep class enrollments down to stated desirable sizes, and the arbitrator ultimately determined that the provision had been violated by the district as

to the sixth grade classes at Shaker Junior High School for the 1975-1976 academic year. Basing his decision upon an overage of 28 pupils in the seven sixth grades conducted that year, the arbitrator concluded that the contract violation could have been avoided had the district hired another instructor to teach an additional sixth grade class. Nonetheless, he declined to order the hiring of another sixth grade teacher because his decision was rendered at the end of the 1975-1976 year and tentative figures indicated that there would be no overage in the sixth grade classes the following year. Instead, as the measure of compensatory damages and the remedy for the contract violation, he directed that the seven named grievants, i.e., the sixth grade teachers at Shaker Junior High School for the 1975-1976 year, each be paid a sum equal to one seventh of the dollar amount which the district would have expended had it acted in conformance with the contract and hired an additional teacher. Special Term confirmed this award, and this appeal ensued.

In challenging the judgment of Special Term, the district argues that the arbitrator exceeded his authority under the contract by awarding money damages. We disagree. It is well settled that, absent a plain and express contractual limitation to the contrary, an arbitrator may "grant any relief reasonably fitting and necessary to a final determination of the matter submitted to him, including equitable and legal relief" (*Pavilion Cent. School Dist. v Pavilion Faculty Assn.,* 51 AD2d 119, 123, mot for lv to app dsmd 40 NY2d 845), and given a proper case, monetary damages may be awarded even without specific contractual authorization therefor (*Board of Educ. v Niagara-Wheatfield Teachers Assn.,* 58 AD2d 1022). Here, the award of monetary damages was particularly appropriate because it was too late to hire additional personnel for the 1975-1976 school year and available information indicated that additional personnel would *not* be needed the following year. Moreover, since the breach of the contract in all likelihood resulted in unwarranted extra work for the seven grievants, it seems reasonable and proper that they should be paid the damages.

The district's remaining contention that the award was procured by misconduct on the part of the association is similarly without merit. Grounded upon the association's submission to the arbitrator after the hearing of a prior arbitration award which had been substantially modified by Special

Term, this contention can only have merit if the submission served to prejudice the district (CPLR 7511, subd [b], par 1), and this the district has failed to establish. Not only did the association make known to the arbitrator that there had been a judicial modification, but the arbitrator stated that his decision was based upon the particular facts and circumstances presented in the instant case.

The judgment should be affirmed, without costs.

HERLIHY, J. (dissenting). While it appears from the majority opinion that one can rationalize a basis for the monetary award, and that, therefore, it is permissible in this case *(Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582), the fact remains that the remedy in this case is nothing more nor less than a windfall for the teachers involved. It is well established that punitive damages may not be awarded and in the present case the award is a punishment *(Garrity v Lyle Stewart, Inc.,* 40 NY2d 354).

In the case of *Board of Educ. v Niagara-Wheatfield Teachers Assn.* (58 AD2d 1022), cited by the majority, the Appellate Division, Fourth Department, affirmed a judgment vacating an award where there was no clear authority in the contract for money damages and, of course, the damages were not clearly compensatory.

The award when read with the contractual provisions is irrational and without a firm foundation. There is no showing or intimation that either the students or teachers have suffered harm or been overburdened as the result of what under the contract could be readily interpreted to be included in the provision "that enrollment 'bulges' * * * may make necessary temporary adjustments to undesirable situations".

The class sizes herein demonstrate that there were three teachers who had five students over the desired number, two teachers who exceeded the desired number by four students, one teacher who exceeded the desired number by three students, and one teacher had two students more than the desired number. Nevertheless, the arbitrator in deciding that monetary damages should be assessed awarded each of the teachers the same monetary sum. It is obvious that the award does not compensate the teachers for their work load but simply is an additional stipend across the board which of itself is discriminatory as compensation among them. While the monetary damages are clearly punitive, it must be noted that

the petitioner did not offer any suggestions to the arbitrator in this regard.

The arbitrator found that the situation was self-correcting for the immediate future and, accordingly, there was no remedy required as between the union and the petitioner.

The judgment should be reversed, and the relief prayed for in the petition granted.

KANE and MIKOLL, JJ., concur with MAIN, J.; GREENBLOTT, J. P., and HERLIHY, J., dissent and vote to reverse in an opinion by HERLIHY, J.

Judgment affirmed, without costs.