■ In the Matter of BRUNSWICK CENTRAL SCHOOL DISTRICT No. 2, Respondent, v BRITTONKILL TEACHERS ASSOCIATION, Appellant. (Proceeding No. 1.) In the Matter of BRUNSWICK CENTRAL SCHOOL DISTRICT No. 2, Respondent, v BRITTONKILL TEACHERS ASSOCIATION, Appellant. (Proceeding No. 2.)—Appeals in Proceeding No. 1 from an order of the Supreme Court at Special Term, entered July 17, 1978 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to CPLR article 75, to stay arbitration between petitioner and respondent, and in Proceeding No. 2 from an order of the Supreme Court at Special Term, entered July 17, 1979 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to CPLR article 75, to stay arbitration between petitioner and respondent and which denied respondent's cross motion for leave to renew a prior motion to compel arbitration under another agreement. These two proceedings involve the same parties and arose out of closely interrelated factual situations, and accordingly, we will consider them together in this decision. On May 23, 1975, petitioner Brunswick Central School District No. 2 (District) and respondent Brittonkill Teachers Association (Association) entered into a collective bargaining agreement which by its terms expired on June 30, 1977. Thereafter, in September of 1977, the District caused certain special subject teachers to be assigned minicourses, with the result that, on January 6, 1978, the Association filed a grievance on behalf of the assigned teachers in which it claimed that the addition of the minicourses to the schedule violated various articles of the above-cited bargaining agreement. This grievance was rejected at the first three levels of the grievance procedures provided in the agreement, and on April 18, 1978, the Association advised the District that it planned to proceed to step four of the subject procedures, i.e., binding arbitration. Asserting, *inter alia,* that there was no contract between the parties providing for arbitration because the bargaining agreement had expired prior to the time the special subject teachers were assigned the minicourses in September of 1977, the District thereupon commenced a special proceeding to stay arbitration, and the Association then cross-moved for an order compelling arbitration. By order, entered July 17, 1978 in Rensselaer County, Special Term granted the requested stay, and the Association now appeals (Proceeding No. 1). Subsequent to this ruling by Special Term, special subject teachers were again assigned minicourses in September of 1978, and on October 2, 1978 the parties entered into a new collective bargaining agreement which will expire on June 30, 1980. Pursuant to the provisions of this agreement, on October 18, 1978 the Association filed a new grievance relating to the minicourses and complaining of acts commencing in September of 1978, and

this grievance was also rejected by the District. As a result, the Association once more sought arbitration, and the District responded by seeking a stay of arbitration on various grounds. Additionally, based upon alleged newly discovered evidence, the Association also cross-moved in May of 1979 to renew its prior motion made to compel arbitration in Proceeding No. 1, the alleged newly found evidence being the inclusion in the new bargaining agreement of a provision extending through June 30, 1978 the prior agreement which had expired on June 30, 1977. According to the Association, this extension served to remove the basis of the court's decision in Proceeding No. 1, i.e., that no contract was in existence which provided for the requested arbitration. Reasoning that there was no clear and unequivocal agreement that the minicourses were to be subject to arbitration, Special Term again stayed arbitration. It further denied the Association's cross motion to renew because the Association had failed to explain why it had waited seven months after the prior bargaining agreement had been extended before bringing its motion. From these rulings the Association also now appeals (Proceeding No. 2). Considering initially the appeal in Proceeding No. 2, we find that Special Term erred in staying the requested arbitration. In so ruling, we initially agree with the court that the subject matter of the dispute is arbitrable in that part of the relief requested included scheduling changes and additional compensation for those who had been teaching the minicourses (cf. *Matter of North Colonie Cent. School Dist. [North Colonie Teachers' Assn.],* 60 AD2d 496, affd 46 NY2d 965). Moreover, even though the Association also seeks the elimination of the minicourses, an area affecting curriculum which would likely not be open to arbitration (see Education Law, § 1709, subds 3, 4, 13), the arbitration can nonetheless go forward because the fact that the relief requested if granted *in toto* might lead to an award which would be subject to vacatur is not sufficient, by itself, to justify granting a stay *(Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411). Such being the case, we now turn to the second level of our inquiry, i.e., whether the parties did clearly and unequivocally agree, by the terms of the arbitration clause in the subject bargaining agreement, to refer to arbitration differences arising relative to the subject matter of the instant dispute *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509). Pursuant to the agreement, "any claimed violation, misinterpretation, mis-application, or inequitable application of" the agreement constitutes a grievance which is arbitrable, and even the District concedes that the essential facts of the present grievance fall "within the subject matter of Articles VII and IX" of the agreement which relate to teachers' hours and schedules. Under these circumstances, it is clear that the substance of the Association's grievance plainly alleges that these articles of the agreement have been either violated, misinterpreted or misapplied, and it is likewise clear that the District was fully apprised of the controversy and of the Association's position. That being so, we conclude that the parties clearly and unequivocally agreed to arbitrate disputes such as the one presented here and that Special Term erred in finding otherwise and staying the requested arbitration. Moreover, we make this ruling even though the Association erroneously cited article 14 of the agreement as the article violated because, as noted above, the District was fully informed of the actual basis of the Association's grievance and will not be prejudiced by the cite of article 14. As for the Association's cross motion to renew its prior motion to compel arbitration in Proceeding No. 1, we likewise find that Special Term erred in its denial thereof. In so ruling, we do not condone the

seven-month delay by the Association in bringing the cross motion. However, since it is now clear that the basis of the court's decision in Proceeding No. 1 has been removed by the extension of the bargaining agreement which had expired on June 30, 1977, it is our view that the Association's cross motion should have been granted so that there could be a hearing on the merits relative to the dispute in Proceeding No. 1. This result also renders unnecessary our ruling at this time upon the appeal in Proceeding No. 1. Accordingly, we withhold any determination thereon, and the matter should be remitted to Special Term for further proceedings consistent herewith. In Proceeding No. 1, determination withheld and matter remitted to Special Term for further proceedings not inconsistent herewith; and in Proceeding No. 2, order reversed, on the law, without costs, petition dismissed, and respondent's cross motions to compel arbitration in Proceeding No. 2 and to renew its cross motion in Proceeding No. 1 granted. Mahoney, P. J., Sweeney, Main, Casey and Herlihy, JJ., concur.