623 F.2d 261
 In the Matter of the Application of JOHN T. BRADY & COMPANY,
Petitioner- Appellant,
v.
FORM-EZE SYSTEMS, INC., Respondent-Appellee.
For an Order Vacating, Modifying and Correcting an
Arbitration Award pursuant to "9 U.S.C. Sections 10 and 11."
In the Matter of the Arbitration between FORM-EZE SYSTEMS,
INC., Petitioner- Appellee,
v.
JOHN T. BRADY & COMPANY, Respondent-Appellant.
 No. 1084, Docket 80-7072.
 United States Court of Appeals,
Second Circuit.
 Argued April 17, 1980.
Decided June 19, 1980.
 
 David Morgulas, New York City (M. Carl Levine, Morgulas & Foreman, New York City, of counsel) for petitioner-appellant.
 Stuart M. Levine, New York City (Sacks, Montgomery, Pastore & Levine, New York City, of counsel) for respondent-appellee.
 Before MULLIGAN, Circuit Judge and SPEARS* and SWEET**, District Judges.
 MULLIGAN, Circuit Judge:
 
 
 1
 Form-Eze Systems, Inc. ("Form-Eze"), a New Mexico corporation, is in the business of manufacturing, selling and leasing concrete forming equipment for use by contractors on building projects. John T. Brady & Company ("Brady"), a New York corporation, was the general contractor for the construction of a mail facility for the Postal Service of the United States at the John F. Kennedy Airport. On April 26, 1977, the parties entered into a contract whereby Form-Eze leased to Brady approximately $400,000 worth of concrete forming equipment for the Kennedy installation. Some 30,000 pieces of special types of moveable equipment were involved. A rental fee of $102,800 was fixed in the agreement for the first seven months of the lease, and $15,000 per month was agreed upon as the rental for each succeeding month. It is conceded that the rental agreement terminated on July 15, 1978. At that juncture, Form-Eze claimed that Brady failed to return certain pieces of equipment and had damaged others. The agreement contained an arbitration clause and Form-Eze gave its Notice of Intent to Arbitrate on November 21, 1978. Hearings were held in January 1979 and on March 14, 1979 the arbitrator awarded Form-Eze $45,590 in damages, which represented the value of the unreturned and damaged equipment. Brady does not contest this part of the award and that issue is not before us. However, the agreement provided further that if any of the equipment was lost or damaged, Brady became responsible not only for its value, but "(t)he monthly rental for the total equipment shall continue until such time as this sum is paid." Applying this clause, the arbitrator awarded Form-Eze the further sum of $90,000 in damages. This sum represented six months of rent ($15,000 per month from July 15, 1978 until January 14, 1979) plus interest at the rate of 1 1/2% per month from July 15, 1978 until November 21, 1978. In an opinion dated December 27, 1979, Hon. Thomas P. Griesa, United States District Judge for the Southern District of New York, confirmed the award finding it to be justified by a reasonable interpretation of the contract. We affirm.
 
 
 2
 On this appeal, Brady argues that the clause of the rental agreement permitting Form-Eze to recover not only the value of the damaged or lost equipment, but the agreed monthly rental for all the leased equipment until such time as the value of the lost and damaged equipment was paid, constitutes a penalty clause and not merely a liquidated damages provision. This argument was concededly raised before the arbitrator, but was not specifically covered in his opinion.
 
 
 3
 It is well settled in New York that a clause in a contract providing for the payment of a fixed amount upon a breach of any provision in that contract, no matter how trivial the breach, cannot be sustained as a liquidated damages provision since it does not represent an estimate of prospective actual damages. Rather, such a clause is considered to be an unlawful penalty and is therefore unenforceable. Lenco, Inc. v. Hirschfeld, 247 N.Y. 44, 159 N.E. 718 (1928); Seidlitz v. Auerbach, 230 N.Y. 167, 129 N.E. 461 (1920); Restatement, Contracts § 339(1), Comment g. Brady argues here, as he did before the arbitrator, that the contract requirement that the lessee pay $15,000 per month, the amount which represented the rental for all the equipment leased, no matter how insignificant the damage to equipment or value of any unreturned equipment might be, constitutes a penalty. Brady maintains that such a provision is contrary to the public policy of the State of New York, and is therefore an award beyond the powers of the arbitrator which must be vacated under the Federal Arbitration Act, 9 U.S.C. § 10(d).[1]
 
 
 4
 The appellant relies upon Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 356-57, 386 N.Y.S.2d 831, 832, 353 N.E.2d 793, 795 (1976), where the New York Court of Appeals stated that "(s)ince enforcement of an award of punitive damages as a purely private remedy would violate public policy, an arbitrator's award which imposes punitive damages, even though agreed upon by the parties, should be vacated." (citations omitted). Garrity was a breach of contract case in which the arbitrator awarded not only compensatory damages, which were computed without difficulty, but punitive damages as well, expressly denominating them as such. No liquidated damage clause was involved in that case, and under familiar principles an award of punitive damages for breach of contract violated the public policy of the state. The case was distinguished however in a later Court of Appeals decision, Board of Education v. Niagara-Wheatfield Teachers Ass'n, 46 N.Y.2d 553, 558, 415 N.Y.S.2d 790, 793, 389 N.E.2d 104, 106 (1979), where the court noted:
 
 
 5
 "In that case (Garrity), there was no problem computing compensatory damages, but in addition the arbitrator awarded punitive damages which were expressly labeled as such. We held on the facts in that case, that punitive damages may only be awarded by the State's courts. That holding should not be interpreted as an indication that whenever compensatory damages are somewhat speculative they are necessarily punitive (cf. Matter of North Colonie Cent. School Dist. (North Colonie Teachers' Assn.), 60 A.D.2d 496, 401 N.Y.S.2d 874, affd. 46 N.Y.2d 965, 415 N.Y.S.2d 828, 389 N.E.2d 142). Ritualistic incantations of "punitive damages" will not suffice to vacate an arbitration award where discretion is used in the computation of damages. Only where the damages are genuinely intended to be punitive should the courts vacate the award. In all other cases 'it is the declared policy of this State to encourage "public employers and * * * employee organizations to agree upon procedures for resolving disputes" ' (Board of Educ. v. Associated Teachers of Huntington, 30 N.Y.2d 122, 131, 331 N.Y.S.2d 17, 24, 282 N.E.2d 109, 114), and we should enforce the awards rendered by using those procedures where strong public policy is not violated."
 
 
 6
 Applying this language here we note that the arbitrator in the instant case did not label the $90,000 award as "punitive" nor is there anything to indicate a genuine intention that the award be punitive. The appellant has not made the transcript of the arbitration proceeding part of the record, so we have no basis to infer that the amount assessed for withholding payment for the damaged or lost equipment at issue here bore no relationship to the actual damage suffered by Form-Eze and was therefore punitive in nature.
 
 
 7
 While the arbitrator's opinion does not discuss the public policy argument raised by the appellant, it is well established that arbitrators are not required to disclose the basis upon which their awards are made. Kurt Orban Co. v. Angeles Metal Systems, 573 F.2d 739, 740 (2d Cir. 1978). More to the point, however, there is no indication that the arbitrator intended the award to be punitive, and we are bound by the interpretation given to the instrument by the arbitrator so long as it is "barely colorable." Andros Compania Maritima v. Marc Rich & Co., A.G., 579 F.2d 691, 704 (2d Cir. 1978). See also Sobel v. Hertz, Warner & Co., 469 F.2d 1211 (2d Cir. 1972).
 
 
 8
 This court has generally refused to second guess an arbitrator's resolution of a contract dispute. "We have consistently accorded the narrowest of readings to the Arbitration Act's authorization to vacate awards '(w)here the arbitrators exceeded their powers,' 9 U.S.C. § 10(d) . . . ." Andros Compania Maritima v. Marc Rich & Co., A.G., supra, 579 F.2d at 703. It is quite clear that the public policy of the State of New York as well as the practice of this court is to encourage the settlement of private disputes by consensual arbitration. See Staklinski v. Pyramid Electric Co., 6 N.Y.2d 159, 188 N.Y.S.2d 541, 160 N.E.2d 78 (1959). The arbitrator did not characterize the award as punitive and under the circumstances set forth there is no basis on the record for us to assume that it was.
 
 
 9
 The judgment of the district court is therefore affirmed.
 
 
 
 *
 United States District Judge for the Western District of Texas, sitting by designation
 
 
 **
 United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 Section 10 of Title 9 provides that:
 the United States court in and for the district wherein the (arbitration) award was made may make an order vacating the award upon the application of any party to the arbitration
 (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.