Jean C. SMITH and the Jean C. Smith Individual Retirement Account, Plaintiffs,

v.

PRUDENTIAL SECURITIES INCORPORATED, Defendants.

No. 93–1701–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

March 16, 1994.

Guy M. Burns, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, FL, for plaintiffs.

Richard L. Martens and Lonnie Kay Browne Zangrillo, Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, FL, for defendants.

## *ORDER ON MOTIONS*

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's petition for confirmation of arbitration award (Dkt. # 2–1), filed September 30, 1993; Plaintiff's motion for award of attorneys' fees (Dkt. # 2–2), filed September 30, 1993; Defendant's motion to vacate arbitration award (Dkt. # 7–1), filed October 18, 1993; and Plaintiff's response to Defendant's motion to vacate arbitration award, filed November 9, 1993.

### FACTS

In 1983, Plaintiff Smith and her husband retired to Florida. At that point in time, Plaintiff opened various securities accounts with Defendant Prudential Securities, Inc. On or about September 15, 1992, Plaintiff filed a Statement of Claim for arbitration before the American Arbitration Association ("AAA") pursuant to Article VIII, §§ 1 and 2(c) of the American Stock Exchange Constitution. Plaintiff's Statement of Claim alleged violations by Defendant of Florida State securities laws and Florida common law relating to securities transactions in interstate commerce. The securities complained of in Plaintiff's Statement of Claim were oil and gas, aircraft leasing, and real-estate limited partnerships. The final arbitration hearing began on July 20, 1993. The arbitrators forwarded their decision to the parties on or about August 16, 1993.

The arbitrators awarded Plaintiff $57,-630.93 in actual damages; $250,000.00 in punitive damages; $5,710.00 for expert witness fees and process serving fees; $3,783.78 for a portion of the compensation and expenses of the arbitrators previously advanced by Plaintiff; $2,784.00 for Plaintiff's portion of administrative fees and expenses owed to the American Arbitration Association; and attorneys fees—"the amount of which is to be determined by a court of appropriate jurisdiction." (Dkt. # 2, Exhibit A). Plaintiff filed a petition for confirmation of arbitration award and a motion for award of attorneys' fees in the Circuit Court for Hillsborough County, Florida. Defendant filed a Notice of Removal of Plaintiff's state court action to this Court, on the basis of diversity under 28 U.S.C. § 1332. Removal was granted on October 5, 1993. Defendant now moves to vacate this award and remand the case for hearing before a panel of neutral arbitrators. Additionally, Defendant requests oral argument on its motion to vacate. (Dkt. # 7).

### DISCUSSION

Defendant bases its motion to vacate arbitration award on the statutory scheme of the Federal Arbitration Code, 9 U.S.C. § 10. The specific grounds for vacating an arbitration award under this statute, and as alleged by Defendant are enumerated under 9 U.S.C. § 10(a)(1), (2), (3), (4).

■ The statute reads in pertinent part:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The authority bestowed upon district courts to vacate arbitration awards is exceedingly limited. Great deference is provided to these types of awards. *See O.R. Securities, Inc. v. Professional Planning Assoc.*, 857 F.2d 742, 746 (11th Cir.1988) (citing *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953)).

Defendant alleges that the award violates sections 10(a)(2), (3), (4) of the statute. We shall address each allegation separately.

I. *Evident Partiality—9 U.S.C. § 10(a)(2).*

■ Each of the arbitrators were required to sign a Notice of Appointment from the AAA which requested disclosure of any past or present relationships with the parties or their counsel. The arbitrators were also instructed by this Notice that "any doubt should be resolved in favor of disclosure." (Dkt. # 7, Exhibit A). The appointed arbitrators in this case, (Arbitrators Nalton Bennett, Gary Coates, and Howard Garrett), each signed the Notice of Appointment. Arbitrators Bennett and Coates both affirmatively stated that they had no disclosures to make. However, before the proceedings began, Arbitrator Garrett disclosed the fact that he had personally litigated with Thompson & McKinnon, a securities firm which was recently acquired by Defendant Prudential. Based on these attestations, the arbitrators were accepted by the parties. Later, during a break in the proceedings, it was discovered that Arbitrator Garrett had some accounts with Thompson & McKinnon, the company acquired by Defendant. According to the transcript, he was quite willing to disclose the particulars of this relationship with the parties. (Exhibit A, July 22, 1993 transcript, p. 93). After this disclosure, both Plaintiff and Defendant were given an opportunity to challenge Mr. Garrett's service as an arbitrator. Neither party objected to his continuing as arbitrator on this panel. However, Defendant now seeks, at this late date, to lodge a complaint with this Court.

The Eleventh Circuit has held that the party challenging the award has the burden of proof to show that the award was based on evident partiality. *Middlesex Mutual Ins. Co. v. Levine*, 675 F.2d 1197, 1201 (11th Cir.1982). Evident partiality, in this context, is generally accepted to mean an arbitrator's demeanor in favoring one party over another. This Circuit has also held that the relationship between the arbitrator and the party must be substantial, not trivial, in order "to create the appearance of impropriety sufficient to violate" the Federal Arbitration Code. *Peabody v. Rotan Mosle*, 677 F.Supp. 1135, 1138 (M.D.Fla.1987).

Defendant Prudential has not sustained its burden of proof. The allegations made by Defendant, without a showing of substantial proof in the form of evidence that clearly shows Arbitrator Garrett's alleged partiality, are not enough to support this Court's encroachment upon the decision of the arbitrators.

II. *Misbehavior Prejudicing the Rights of a Party—9 U.S.C. § 10(a)(3).*

■ Defendant has alleged that Arbitrator Bennett's use of the terms "young lady," "the lady," and/or "ma'am," when addressing Defendant's female counsel, is enough misconduct to support a case of gender bias. Defendant's counsel alleges that this gender bias hampered her ability and effectiveness in presenting her legal arguments. However, there is no indication in the transcript of the proceedings, that Defendant's counsel objected to this alleged gender bias treatment. Typically, gender bias is difficult to prove.

Defendant has cited *Morelite Construction Corp. v. New York City District Council Carpenters Benefit Funds*, 748 F.2d 79 (2d Cir.1984), as delineating the standard of proof where bias is alleged. Basically, to prove bias, something more than the "appearance of bias" and less than "proof of actual bias" is needed, according to *Morelite*.

The issue of gender bias in the context of an arbitration proceeding is a case of first impression in this Circuit. This Court cannot say, at this time, that it is willing to adopt the standard set out in *Morelite*. The *Morelite* standard, as applied to the facts in this case, is too nebulous and indefinite. However, for other reasons, this Court does find that the facts surrounding Defendant's allegation of gender bias are not substantial enough to support vacating the arbitration award. If the terms used by Arbitrator Bennett were so "egregious and harmfully prejudicial" to Defendant Counsel's ability to represent her client, she would not have allowed the proceedings to continue in this fashion for four or five days, without a timely opposition and objection to Arbitrator Bennett's alleged misconduct.

### III. (A). *The Arbitrators Exceeded their Powers/Authority—9 U.S.C. § 10(a)(4).*

■ Defendants allege that the arbitrators did not specify the legal basis for their award of attorney's fees. Florida Statute § 682.11, as cited by Defendant, does not allow arbitrators to award attorneys' fees. The award of attorneys' fees is not proscribed in arbitration cases, the Arbitration Code only prohibits arbitrators from awarding these fees. *Par Four, Inc. v. Gottleib*, 602 So.2d 689 (Fla. 4th DCA 1992). In the instant case, the arbitrators' conduct in awarding Plaintiff attorneys' fees were not proscribed. They merely provided Plaintiff with an entitlement of attorneys' fees predicated on an amount that is to be determined "by a court of appropriate jurisdiction." (Dkt. # 7, Exhibit B). According to *Fewox v. McMerit Const. Co.*, 556 So.2d 419 (Fla. 2d DCA 1989), the phrase "not including counsel fees", (Fla. Stat. § 682.11), "merely indicates that arbitrator may not include attorney fees in award of expenses and fees and does not prohibit

trial court award of attorney fees for services rendered by attorney during arbitration proceedings."

■ Courts in general, and this Court in particular, have been reluctant to grant attorneys' fees in cases where no contractual or statutory basis has been provided for the award of these fees. Plaintiff asserts that arbitrators need not state their reasons for an award, if this Court can *infer* a ground for the arbitrator's decision. Plaintiff suggests that the decision in *Raymond, James & Associates v. Wieneke*, 591 So.2d 956 (Fla. 2d DCA 1991), be controlling on this issue. In *Wieneke*, the trial court reasoned that because the arbitrators found that an entitlement to attorneys' fees existed, one or more of the claims upon which the arbitration award was granted must have been a basis for granting attorneys' fees as well.

Upon careful consideration, this Court will not infer grounds for attorneys' fees in this case. If Plaintiff can show that there actually exists a contractual agreement or statutory provision which provides for the award of attorneys' fees, this Court will again take the matter into consideration. However, if there is no contractual agreement or statutory provision that provides for the award of attorneys' fees on the underlying case, then Plaintiff is not entitled to attorneys' fees.

### III. (B). *Punitive Damages Awarded are Presumptively Excessive.*

■ Defendant alleges that the punitive damages in the amount of $250,000.00, based on actual damages of $57,630.93, are excessive. This excess is alleged to be in violation of Fla.Stat. § 768.73(1)(a)(b). However, because Defendant has not alleged any facts that demonstrate partiality, bias, or misconduct in the arbitration proceedings, this Court will appropriately afford deference to the decision of the arbitrators in determining the amount awarded for punitive and compensatory damages.

Finally, Defendant requests oral argument on their motion to vacate arbitration award. Because of this Court's decision to deny the motion to vacate, the need for oral argument

on this motion is unnecessary. Accordingly, it is

**ORDERED** that the motion to confirm arbitration award be **granted;** the motion to vacate arbitration be **denied;** the motion for award for attorneys' fees be **denied** with leave to file motion for evidentiary hearing on the matter of attorneys' fees; and request for oral argument be **denied.**

**DONE and ORDERED.**