David CRAY, Plaintiff,

v.

NATIONSBANK OF NORTH CAROLINA, N.A. Nationsbanc Enterprise, Inc., and Dean Witter Venture, Inc., Defendants.

No. 94–981–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 21, 1997.

Jonathan L. Alpert, Patrick B. Calcutt, Alpert, Barker & Calcutt, P.A., Tampa, FL, Michael C. Addison, Law Office of Michael C. Addison, Tampa, FL, for Plaintiff.

Brett J. Preston, Benjamin H. Hill, William C. Guerrant, Jr., Hill, Ward & Henderson, P.A., Tampa, FL, John M. Newman, Jr., Richard I. Werder, Jr., Jones, Day, Reavis & Pogue, Cleveland, OH, Peter J. Aldrich, Kelley, Aldrich & Warren, P.A., West Palm Beach, FL, for Defendants.

### ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions and responses:

Dkt. 45 Defendants' Motion to Confirm Arbitration Award (Dkt.45) and Memorandum in Support of Motion to Confirm Arbitration Award.

Dkt. 50 Plaintiff's Motion for an Award of Attorneys' Fees and Costs in Favor of Prevailing Party, David Cray.

Dkt. 51 Plaintiff's Motion to Vacate or, in the Alternative, to Modify Arbitration Award and Memorandum in Support of Motion to Vacate or, in the Alternative, to Modify Arbitration Award and in Opposition to Motion to Confirm Award Filed by Defendants.

Dkt. 54 Plaintiff's Motion for Oral Argument on the Motion to Vacate or, in the Alternative, to Modify Arbitration Award and Motion for Case Management Conference and Memorandum in Support of Motion.

Dkt. 57 Defendants' Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs.

Dkt. 58 Defendants' Memorandum in Opposition to Plaintiff's Motion to Vacate or Modify Arbitration Award.

### FACTUAL BACKGROUND

Plaintiff, David Cray, was a registered securities representative employed by NationsSecurities as Vice–President in 1994. Plaintiff became aware of sales practices and procedures being followed by NationsSecurities and NationsBank in which he believed to be in violation of the applicable state and federal laws regulating the sale of securities in Florida. Plaintiff thereafter wrote a letter advising the senior officers at NationsSecurities and NationsBank of the practices. Plaintiff was subsequently transferred to the Tampa NationsSecurities office. At the new office, Plaintiff was interviewed by one of Defendants senior officers, and told to surrender his key to his assigned office. Plaintiff considered himself to have been constructively, if not formally, discharged in retaliation for "blowing the whistle" on the illegal sales practices of NationsSecurities and NationsBank.

This case was initiated in this Court by the filing of a Complaint seeking damages for violation of the Florida Whistleblower Act, Section 448.101, Florida Statutes. After this case had been pending for several months, the parties stipulated to having the Whistleblower Act claim heard and decided by the NASD panel, and an Order was entered November 1, 1994, referring the pending claim to NASD for resolution. This matter was referred to NASD for determination in arbitration as an additional claim in a NASD arbitration which had been initiated by Plaintiff seeking damages in other causes of action of which were subject to arbitration in accordance with the applicable NASD rules. The Uniform Submission Agreement entered into by the parties included, inter alia, an agreement that they would abide by and perform any award(s) rendered pursuant to the Submission Agreement and further agreement

that a judgment and any interest due thereon may be entered upon such award(s).

Plaintiff alleged that he was fired in retaliation for "blowing the whistle" on alleged illegal sales practices and procedures of NationsSecurities and NationsBank. Plaintiff requested compensatory damages in the amount of $20,000,000.00, plus punitive damages of $500,000,000.00 to be shared among the five Plaintiffs.

On May 14, 1997, a three (3) member arbitration panel ruled that the evidence did not support Plaintiff's claim that he was constructively discharged from employment of Defendants and, therefore, denied Plaintiff's demands for damages. However, the panel did award Plaintiff reinstatement to his former job with benefits calculated from his original date of hiring, but with deductions for the period he was off the active payroll. Defendant now moves this Court to confirm the arbitration award and Plaintiff moves this Court to vacate, or modify the arbitration award.

## STANDARD OF REVIEW

Title 9, United States Code, § 9 provides, in pertinent part, that any time within one (1) year after an award is made, any party to the arbitration may apply to the appropriate court for an order confirming the award. The court must grant such an order unless the award is vacated, modified, or corrected as set forth in sections 10 or 11 of Title 9. *See* 9 U.S.C. § 9.

Section 10 sets out the exclusive statutory grounds for vacating an arbitration award. It allows the award to be vacated:

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*See* 9 U.S.C. § 10.

In addition to the four (4) statutory grounds delineated above, the Eleventh Circuit Court of Appeals has recognized two additional non-statutory bases upon which an arbitration award may be vacated. *See Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 779 (11th Cir.1993). "First, an arbitration award may be vacated if it is arbitrary and capricious." *See id.* at 779. "Second, an arbitration award may be vacated if enforcement of the award is contrary to public policy." *See id.* at 779. A third non-statutory ground for vacating an arbitration award—manifest disregard of law—has been recognized in some circuits, though not in the Eleventh Circuit. *See id.* at 779.

When considering an award which sets forth its rationale, "the party seeking vacatur may raise any of the statutory or non-statutory grounds in support of its motion to vacate the award." *See id.* at 779.

The NASD panel ultimately found in favor of Plaintiff in that Defendants violated the Florida Whistleblower Act. However, the panel refused to award Plaintiff any reimbursement for lost commissions, back or front pay, punitive damages, and attorneys' fees or costs. The panel awarded Plaintiff the right to reinstatement to his former position or its equivalent within (30) days.

## DISCUSSION

Section 9, Federal Arbitration Act, states that the court shall confirm an arbitration award if the parties have agreed to allow the court to do so. *See* 9 U.S.C. § 9 (1970). The discretion of district courts to overturn an arbitration award is limited since great deference must be given to such an award. *See Smith v. Prudential Securities Incorporated*, 846 F.Supp. 978 (M.D.Fla.1994). This deference prevents vacatur on the court's mere second-guessing the resolution of the arbitrators. *See John T. Brady & Co. v. Form–Eze Systems, Inc.*, 623 F.2d 261 (2d

Cir.1980). Therefore, any fair and just remedy should be confirmed. *See General Telephone Co. of Ohio v. Communications Workers of America,* 648 F.2d 452 (6th Cir.1981).

Plaintiff's motion states one statutory and two nonstatutory grounds urging this Court to vacate or modify the arbitration award issued on May 14, 1997. First, Plaintiff argues that the "arbitrators exceeded their powers, or so imperfectly executed [their powers] that a mutual, final, and definite award upon the subject matter submitted was not made" in violation of 9 U.S.C. § 10(a)(4). (Plaintiff's Memorandum, at 6). Second, Plaintiff argues that "the award is imperfect in matter of form not affecting the merits of the controversy" in violation of 9 U.S.C. § 11(c). *See id.* Third, Plaintiff argues that the arbitration award is arbitrary and capricious in finding Defendants violated the Florida Whistleblower Act, but awarding no monetary damages, just reinstatement. Fourth, Plaintiff argues that the arbitration award, if enforced, would be contrary to public policy.

Plaintiff's first allegation centers on the contention that the award as structured leaves the job undone. In addition, Plaintiff argues that the offer of reinstatement does not comport with the express provisions of the award because there is no mechanism to police the artful dodging by Defendants.

The only evidence offered in support of this contention is that Plaintiff filed a Motion for Clarification of the award with the NASD, which was thwarted by Defendants' Motion to Confirm the Arbitration Award. Plaintiff alleges Defendants knew the Motion to Confirm would prohibit the NASD from considering the Motion for Clarification which Plaintiff believes provides more evidence that Defendants acted in bad faith in attempting to frustrate any remedy provided to Plaintiff. Therefore, Plaintiff concludes that there is nothing final or definite about the terms of the award as it relates to reinstatement.

Defendants counter Plaintiff's arguments by stating that the reinstatement award is not indefinite or lacking in finality for lack of an enforcement mechanism. Defendants point to the fact that since Plaintiff did not move to vacate the award against NationsSecurities, his employer and the only entity that can be liable under § 448.103, Florida Statutes, then he cannot receive damages from companies, like Defendants in this case, who were not his employers. However, even if Plaintiff had moved against NationsSecurities the award is not defective for lack of an enforcement mechanism. Defendants direct the Court to the Submission Agreement signed by the parties which states, in pertinent part:

> The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

Defendants assert that once judgment is entered by the Court, the award may be enforced by the Court just like it would enforce any other judgment. Defendants conclude that the arbitration award has the necessary attributes to warrant confirmation since "finality" simply means indicating what each party is required to do. *See Matter of Arbitration Between Dighello v. Busconi,* 673 F.Supp. 85 (D.Conn.1987). Further, Defendants state that if Plaintiff thinks the award is defective, he should seek enforcement, not vacatur of the award.

■ The Court finds that the arbitrators did not exceed their powers, or so imperfectly execute [their powers] that a mutual, final, and definite award upon the subject matter submitted was not made. In addition, the Court finds that the award is not imperfect in matter of form affecting the merits of the controversy

Plaintiff's second allegation is that the award is arbitrary and capricious in finding Defendants to have violated the Florida Whistleblower Act but awarding no monetary damages, merely reinstatement. Plaintiff cites no case law in support of this contention but merely states that: (1) he has been de-

nied the opportunity to make the living he was promised when he was induced to leave NationsSecurities; (2) he has been required to seek vindication through the litigation process; and (3) in ordering reinstatement without compensation it would in reality be punishment by allowing Defendants to humiliate and harass Plaintiff. (Plaintiff's Memorandum, at 10).

■■■ An award is arbitrary and capricious if it exhibits a wholesale departure from the law, or if a legal ground for the arbitrator's decision cannot be inferred from the facts of the case, or if the reasoning is so faulty that no judge or group of judges could ever have conceivably made such a ruling. *See Borden v. Hammers,* 941 F.Supp. 1170, 1174 (M.D.Fla.1996); *Matter of Arbitration Between Prudential–Bache Securities, Inc. and Depew,* 814 F.Supp. 1081 (M.D.Fla. 1993); *Ainsworth v. Skurnick,* 960 F.2d 939, 941 (11th Cir.1992). In addition, the onus is on the party requesting vacatur to refute every rational basis on which the arbitrators could have relied. *See Ainsworth,* 960 F.2d at 941.

Defendants assert that Plaintiff is not arguing that the arbitrators' findings of fact were irrational; rather that Plaintiff contends that the reinstatement ordered is unsuitable in light of their findings of fact. The cornerstone of Plaintiff's case was wrongful discharge. However, since the arbitrators did not find Plaintiff was constructively discharged, Defendants contend that it was not arbitrary or capricious not to award monetary damages, and to award reinstatement. Moreover, Defendants point the court to § 448.103(2), Florida Statutes, which expressly provides for the remedy of reinstatement in a whistleblower claim. The statute provides that in any action brought pursuant to subsection (1), the court may order relief as follows:

(a) An injunction restraining continued violation of this act.

(b) Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position.

(c) Reinstatement of full fringe benefits and seniority rights.

(d) Compensation for lost wages, benefits, and other remuneration.

(e) Any other compensatory damages allowable at law.

*See* § 448.103(2), Florida Statutes.

This Court finds Plaintiff's allegation that the arbitration award is arbitrary and capricious without merit in light of the fact that the remedies chosen were those expressly permitted by statute. In addition, this Court does not find that the arbitrators departed from the essential requirements of law by awarding reinstatement, nor that their reasoning is so faulty that no judge or group of judges could ever have conceivably made such a ruling.

■■■ Plaintiff's third allegation centers upon the contention that since public policy is to encourage employees to report violations of securities laws, public policy is completely frustrated by the total failure of the arbitration panel to provide any relief beyond "reinstatement." Plaintiff further contends that reinstatement without further compensation will have the opposite affect of that fostered by legislation. The "whistle-blower's act is designed to encourage employees to report certain violations without fear of reprisal." *See Potomac Systems Engineering, Inc., v. Deering,* 683 So.2d 180 (Fla. 2d DCA 1996).

Defendants assert that reinstatement of a whistleblower does not violate public policy and that Plaintiff has failed to cite a single case holding that it does. Defendants argue Plaintiff is asking this Court to conclude that the Florida Legislature violated public policy when it provided the remedy of reinstatement. One of the remedies for violation the whistleblower's act provided in § 448.103(2), Florida Statutes, expressly provides for the relief of reinstatement. In addition, this statutory remedy was passed in derogation of the common law, which did not provide for retaliatory personnel action. *See Jarvinen v. HCA Allied Clinical Laboratories, Inc.,* 552 So.2d 241 (Fla. 4th DCA 1989).

■■■ The public policy ground for vacating an arbitration award is applicable only when "enforcement of the award compels one of the parties to take action which directly

conflicts with public policy." *See Brown v. Rauscher Pierce Refsnes, Inc.,* 994 F.2d 775, 782 (11th Cir.1993). The Court finds Plaintiff's contentions about the public policy violation difficult to accept under the "public policy" standard. The only case cited by Plaintiff to make its case is *Potomac Systems Engineering, Inc. v. Deering,* 683 So.2d 180 (Fla. 2d DCA 1996), holding that "the whistle-blower's act is designed to encourage employees to report certain violations without fear of reprisal." In light of the fact that the Florida Legislature provided for reinstatement as a remedy for a Whistleblower's Act violation, this Court rejects Plaintiff's contention that Plaintiff's reinstatement violates public policy.

Plaintiff's last allegation is based on the contention that the award exceeds the powers of the arbitration panel by denying Plaintiff the recovery of attorney's fees and costs incurred in the prosecution of this instant action. In support of this contention, Plaintiff cites *D.H. Blair & Co., Inc. v. Johnson,* 697 So.2d 912 (Fla. 4th DCA 1997), which established in similar circumstances that an arbitration panel has no authority to award attorneys' fees absent an express waiver of the limitation set forth in § 682.11, Florida Statutes. In light of *Johnson,* Plaintiff contends that the award must be vacated because the panel exceeded its powers by denying attorneys' fees and costs. Plaintiff concludes that it is appropriate for this Court to consider awarding attorneys' fees and costs to Plaintiff as the prevailing party.

Defendants counter Plaintiff's argument requesting an evidentiary hearing on attorneys' fees and costs arguing no hearing is necessary for four (4) reasons: (1) Plaintiff is not the prevailing party; (2) even if Plaintiff is the prevailing party, he has failed to show he is entitled to attorneys' fees; (3) this Court should deny attorneys' fees and cost due to Plaintiff and his previous counsel's misconduct; and (4) the arbitration panel has already decided that Plaintiff is not entitled to attorneys' fees and costs.

The Florida Supreme Court in *Moritz v. Hoyt Enterprises, Inc.,* 604 So.2d 807, 809 (Fla.1992), adopted the following test to determine the prevailing party:

It is our view that the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court.

*See Moritz,* 604 So.2d at 810.

In addition, the trial judge must have discretion in considering the equities to decide which party to the litigation actually prevailed on significant issues. *See Prosperi v. Code, Inc.,* 626 So.2d 1360 (Fla.1993).

An award of attorneys' fees under § 448.104, Florida Statutes is a matter of discretion for the court. The statute specifically provides:

A court may award reasonable attorney's fees, court costs, and expenses to the prevailing party.

*See* § 448.104, Fla. Stat.

In addition, § 682.11, Florida Statutes permits arbitrators to determine a parties entitlement to costs. The statute provides:

Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of arbitration, shall be paid as provided in the award.

■ With these principles in mind, this Court concludes that the arbitrators did not exceed their authority in denying attorneys' fees. Moreover, Plaintiff who only requested monetary damages, not reinstatement which he was awarded was not the prevailing party on the most significant issues in the litigation. The cornerstone of Plaintiff's case was constructive discharge; however, the arbitrators did not find Plaintiff was constructively discharged. Although the arbitrators found Defendants to have violated the Florida Whistleblower's Act, they did not find Plaintiff to have been constructively discharged. Accordingly, it is

**ORDERED** that Defendants' Motion to Confirm Arbitration Award is **granted (Dkt. 45);** Plaintiff's Motion for Award of Attorney's Fees and Costs in Favor of Prevailing Party, David Cray is **denied (Dkt. 50);**

Plaintiff's Motion to Vacate, or in the Alternative, to Modify Arbitration Award is **denied (Dkt. 51);** Plaintiff's Motion for Oral Argument on the Motion to Vacate or, in the Alternative, to Modify Arbitration Award is **denied (Dkt. 54)** as moot.