**UNITED STATES POSTAL SERVICE, Plaintiff,**

v.

**NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL–CIO, Defendant.**

**Civil Action No. H–99–965.**

United States District Court, S.D. Texas, Houston Division.

Sept. 10, 1999.

Keith Wyatt, Office of U.S. Atty., Houston, TX, for Plaintiff.

Bruce Fickman, Houston, TX, for Defendant.

Opinion on Summary Judgment

HUGHES, District Judge.

It is a fair summary of history to say that the safeguards of liberty have frequently been forged in controversies involving not very nice people.

*U.S. v. Rabinowitz*, 339 U.S. 56, 69, 70 S.Ct. 430, 94 L.Ed. 653 (1950).

1. *Introduction.*

The United States Postal Service has asked the court to set aside an arbitrator's award as arbitrary and capricious. The National Association of Letter Carriers filed a cross motion to confirm the award. The court will confirm the award.

2. *Background.*

Antonio Flores, a mail carrier, received disability benefits and time off after he was injured at work. The United States Postal Service observed him painting his house and other acts that contradicted his claimed medical restrictions. In early 1997, the post office served him with a notice of removal for committing workers' compensation fraud; three months later, it discharged him. The post office denied his appeal at each of the three steps of the grievance system. Then, Flores went to arbitration.

Arbitrator Vrana heard the appeal in late 1997. He found a procedural defect in terminating Flores. Contrary to policy, someone other than his immediate supervisor conducted the pre-disciplinary interview and first grievance meeting. As relief, Vrana reinstated Flores.

Once Flores returned to work in early 1998, he received a second notice of removal predicated on the same misconduct as the 1997 notice. The post office had reinstituted the disciplinary process in an

attempt to cure the procedural defect. Again, the post office denied his appeal at each of the three steps, and Flores went to arbitration.

Arbitrator Frost heard the appeal in late 1998. He determined that the post office could not cure a procedural defect after a final decision simply by following the proper steps in a second attempt. Additionally, he decided that the initial award was final and binding under the collective bargaining agreement precluding a collateral attack through a second discipline; therefore, he sustained the grievance and reinstated Flores.

### 3. *Arbitration.*

The court will confirm an award in arbitration if it was rational; therefore, the issue is whether it was legally and factually plausible for Frost to decide that (a) procedurally defective discipline cannot be "corrected" by reissued discipline and (b) Vrana's award was final.

The post office says that Vrana erred invalidating his decision; however, it never sought to enjoin the enforcement of Vrana's decision in federal court. Instead, after accepting the first award in favor of Flores, the post office decided to mount its attack collaterally—by redisciplining Flores for the same misconduct to cure its procedural error in the earlier arbitration. This choice proves fatal to the post office's later efforts to remove Flores.

Vrana could have decided to remand Flores's grievance to Step 1 to reinstitute the process from the beginning, but Vrana chose to reinstate Flores. If Vrana made an obviously wrong ruling, the vehicle to correct it would have been a suit in district court—not a later discipline, later arbitration, and a later suit. The post office may not collaterally attack that outcome now. The only question here is the rationality of Frost's conclusion that Vrana's decision precluded the post office's redisciplining Flores.

The post office wants a second chance. The remedy it sought by reinstituting discipline is analogous to a police depart-

ment's illegally executing a search warrant, seizing evidence, and on seeing it suppressed, returning the evidence to the apartment, correctly executing the warrant, and attempting to reintroduce it at trial. The rule of law does not permit this type of correction.

> Law is something more than mere will exerted as an act of power. It must not be a special rule for a particular person or a particular case, but ... "the general law ..." so that "every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society," ....

*Hurtado v. California,* 110 U.S. 516, 535–36, 4 S.Ct. 111, 28 L.Ed. 232 (1884).

The post office says that it can correct a minor procedural error as long as there is no prejudice. A court has said and done what the post office now urges. In that case, in the initial arbitration, the worker was reinstated with back pay because someone other than his immediate supervisor disciplined him, violating the contract's procedures. After reinstating the worker, the post office then issued a second notice of removal and terminated him. A second arbitrator held the first error non-correctable and re-reinstated the worker. *See United States Postal Service v. National Association of Letter Carriers, AFL–CIO* (Watley), 847 F.2d 775 (11th Cir.1988).

The post office appealed the second award to district court. The district court vacated the award, and the court of appeals affirmed. The court said, "There is no rational base for a legal principle that the postal service can never fire an employee who steals from the mail simply because of a procedural error, where that error is corrected and the grievant suffers no prejudice as a result." *Id.* at 778. Rational or not, the Constitution requires that the government be of laws not men. Rational or not, re-litigation is contrary to the Constitution and common law. Even if there were no Constitution, two wrongs don't make a right.

The worker suffers "prejudice" by becoming a piñata that the government strikes until it gets a "good" result. The court assumes the answer when it says that he should have been fired. Many a case would have a different result if tried repeatedly, but retrials are their own injustices.

The several cases that sound similar are not. In one, for instance, a city cured its violation of process due the worker by holding a post-termination hearing. This was still a part of the original proceeding—it was not a collateral re-litigation of an exhausted claim. Judgments that a procedural error is determinative of a case cannot be attacked collaterally through new discipline or new litigation. The post office's attempted cure was not an integral part of the original proceedings at the post office or in arbitration. The post office's cure for the arbitrator's error was an appeal to the independent judiciary. *See Glenn v. Newman,* 614 F.2d 467, 472 (5th Cir.1980).

Also, the method the post office used to correct its error undermines its obligation to arbitrate, a choice it made in the union contract. It is a choice favored in federal labor law because it is a prompt and inexpensive alternative to litigation.

4. *Conclusion.*

Regardless of the legal propriety of the initial decision, Frost was correct that the post office could not use a transaction that had been the grounds of an earlier arbitration as the grounds for a new grievance. The arbitration will be confirmed.

Final Judgment

The arbitrator's award is confirmed.