**Peggy J. BROWN, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General, Defendant–Appellee.**

No. 02–2748.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.*

Decided June 2, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

### ORDER

Peggy Brown, a former letter carrier for the United States Postal Service, brought a pro se action claiming that the Postal Service fired her in 1997 on account of her disability–specifically, her injured back. The district court denied Brown's application to proceed in forma pauperis and dismissed the suit with prejudice after concluding that it was "legally frivolous," *see* 28 U.S.C. § 1915(e)(2)(B)(i), and Brown appeals.

Brown began working for the Postal Service in 1984. In August 1993 she unfortunately sustained injuries to her arm and back when mail casings toppled onto her. Brown thereafter held various "limit-

ed duty" assignments until the Postal Service fired her in October 1997. In a "separation letter" sent that month, the Postal Service explained that it could no longer employ her because she was unable to perform her required work as a letter carrier and because she had not successfully pursued less demanding assignments.

Eighteen months later, Brown complained to an EEO counselor that her firing was discriminatory. After receiving an unfavorable response from the counselor, Brown initiated a formal administrative action with the Postal Service. Her complaint was dismissed, however, because she had only forty-five days to bring the matter to the counselor's attention. Her delay of eighteen months was simply too long. *See Brown v. Henderson*, No. 01A03378, 2000 WL 977768 (E.E.O.C. Jul.7, 2000) (affirming the dismissal of Brown's complaint).

In August 2001 (more than a year later), Brown again complained to an EEO counselor that the Postal Service had discriminated against her. According to Brown, the discrimination occurred when the Postal Service supplied "incorrect" information to her about a workers' compensation claim that was pending before the Department of Labor when she lost her job. Brown explained that years before her termination the Postal Service had told her that the Department of Labor case was closed when in fact the case had remained open for months after she was fired.

The Postal Service dismissed Brown's perplexing new claim on the basis of her first administrative action. The EEOC affirmed but on a different ground. The Commission held that Brown's new complaint impermissibly sought to "use the EEO process to lodge a collateral attack on another forum's proceedings." *Brown v. Potter*, No. 01A20820, 2002 WL 368181 (E.E.O.C. Feb.25, 2002). Brown then

brought this action, which the district court promptly dismissed for the reasons given by the Commission. No. 02 C 3677, 2002 WL 1263995 (N.D.Ill. Jun.3, 2002).

On appeal Brown does not discuss the district court's analysis of her complaint or explain the possible bearing of a pending workers' compensation claim on her termination. Nor does she suggest how her receiving "incorrect" information about such a claim in any way amounts to discrimination. True, like Brown we have difficulty understanding what the agency and the district court meant by her waging "a collateral attack on another forum's proceedings." But to the extent that Brown does request review of a decision by the Department of Labor to deny or allow workers' compensation, the district court of course was right to note that such decisions are not subject to review by other federal agencies or the courts. *See* 5 U.S.C. § 8128(b); *Czerkies v. United States Dep't of Labor,* 73 F.3d 1435, 1437 (7th Cir.1996) (en banc); *Ezekiel v. Michel,* 66 F.3d 894, 898 (7th Cir.1995).

In any event Brown cannot now make a non-frivolous claim that she was fired on account of her disability (presumably in violation of the Rehabilitation Act, 29 U.S.C. § 794(a)–though she has not identified a specific statutory basis for her suit). As the EEOC explained in Brown's first administrative action, complaints of disability discrimination must be lodged with an EEO counselor within forty-five days of the allegedly discriminatory event. *See* 29 C.F.R. § 1614.105(a)(1). Yet here it appears that Brown waited more than eighteen months to contact a counselor about her termination. *See Brown v. Henderson,* 2000 WL 977768, at *1. Brown moreover filed this suit nearly five years after she lost her job. That also was too late because disability discrimination claims that arise in Illinois, such as

Brown's, are governed by a two-year statute of limitations. *See Conley v. Village of Bedford Park,* 215 F.3d 703, 710 n. 5 (7th Cir.2000).

When Brown was fired in October 1997, she plainly was on notice that she had been discharged in part because her physical condition affected her job performance. The "separation letter" sent to her that month is explicit about the reasons for her termination. Brown made this letter a part of her complaint by attaching it to her pleading, *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir.2002); Fed.R.Civ.P. 10(c), and thus she has pleaded herself out of court. Brown's appellate brief, which consists chiefly of a lengthy recitation of the facts of her case, contains no other developed assertion of error. The district court's judgment therefore is

AFFIRMED.