**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-10317
Summary Calendar

DR. JORDAN YEE,

Plaintiff-Appellant,

v.

BUREAU OF PRISONS; MICHAEL B. MUKASEY, U.S. ATTORNEY
GENERAL; DEPARTMENT OF JUSTICE,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:08-CV-703

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this Title VII action brought by Jordan Yee, M.D., an employee of the
Bureau of Prisons, we agree with the district court that plaintiff's action seeks
relief which represents an attempted collateral attack on a previous, unfavorable
arbitration order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The previous arbitration proceeding involved a grievance plaintiff filed through his union challenging a one day suspension for allegedly changing a prescription and a related charge of providing misleading statements during the investigation. In this Title VII suit, plaintiff alleged that his supervisor discriminated against him by failing to furnish him with exculpatory evidence that would have been helpful to him in the arbitration proceeding.

As the district court stated, all of the plaintiff's current claims relate to defendants' alleged wrongful acts before and during the previous arbitration. Plaintiff is attempting to collaterally challenge the arbitration order and the procedure followed in that proceeding by way of this Title VII action, which the district court correctly concluded he cannot do. *See e.g., United States Postal Serv. v. National Association of Letter Carriers*, 64 F.Supp.2d 633 (S.D. Tx. 1999); *Brown v. Potter*, 67 F. Appx. 368, 2003 WL 21321240 (7th Cir. April 28, 2003).

We also agree with the district court that Plaintiff's due process claim must also fail. The duty to disclose exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), applies in criminal cases and is inapplicable to a labor arbitration arising from an employment dispute, which is a civil proceeding. *See Tandon v. Comm'r*, 2000 WL 331926 (6th Cir. March 23, 2000); *NLRB v. Nueva Eng'g, Inc.*, 761 F.2d 961, 969 (4th Cir. 1985)(rejecting application of *Brady* to proceeding before the National Labor Relations Board); *Mister Discount Stockbrokers, Inc. v. SEC*, 768 F.2d 875, 878 (7th Cir. 1985)(rejecting *Brady* in context of securities administrative disciplinary proceeding).

For the reasons stated above along with the reasons stated by the district court in its cogent order of February 27, 2009, the judgment of the district court is affirmed.

AFFIRMED.