**Vincent ROSATI and Loretta Rosati, Plaintiffs,**

v.

**Jonathan Elia Sassoon BEKHOR, Alan Steven Cohen, John Joseph Lee, Defendants.**

No. 8:00CV2274T17TGW.

United States District Court, M.D. Florida. Tampa Division.

June 29, 2001.

Michael C. Addison, Law Office of Michael C. Addison, Tampa, FL, for Plaintiffs.

Burton Webb Wiand, Maya M. Wolfe, Fowler, White, Gillen, Bogs, Tampa, FL, for defendant.

***ORDER ON DEFENDANT'S, ALAN STEVEN COHEN'S, MOTION TO VACATE PLAINTIFFS' PETITION FOR ORDER CONFIRMING THE ARBITRATION AWARD AND DIRECTING ENTRY OF FINAL JUDGMENT***

KOVACHEVICH, District Judge.

This cause comes before the Court on the following motions and responses:

1. Defendant's, Alan Steven Cohen, Motion to Vacate the Arbitration Award (Dkt.15);

2. Defendant's, Alan Steven Cohen, memorandum of law in support of his Motion to Vacate and Memorandum in Opposition to the Plaintiffs' Petition for an Order Confirming the Arbitration Award and Directing Entry of Final Judgment (Dkt.16);

3. Plaintiffs' Memorandum of Law in Opposition to Defendant's, Alan Steven Cohen, Motion to Vacate Plaintiffs' Petition for Order Confirming the Arbitration Award and Directing Entry of Final Judgment (Dkt.19);

4. Affidavit of Vincent Rosati in Opposition to Defendant's, Alan Steven Cohen, Motion to Vacate Plaintiffs' Petition for Order Confirming the Arbitration Award and Directing Entry of Final Judgment (Dkt.20);

5. Affidavit of Barbara J. Glenns, in Support of Defendant's, Alan Steven Cohen, Motion to Vacate the Arbitration Award (Dkt.20).

## FACTUAL BACKGROUND

The facts as set out in the Arbitrator's Award are as follows: Plaintiff, Vincent Rosati, filed a Statement of Claim against Defendants, Jonathan Elia Sassoon Bekhor (Bekhor), Alan Steven Cohen (Cohen), and John Joseph Lee (Lee) with the National Association of Securities Dealers (NASD). The Statement of Claim included the following allegations: (1) violations of Rule 10b–5 of the Securities and Exchange Act as to all Defendants; (2) common law fraud as to all Defendants; (3) excessive trading as to all Defendants; (4) unauthorized trading as to all Defendants; (5) unsuitability as to all Defendants; (6) breach of contract as to all defendants; (7) breach of duty of good faith and fair dealing as to all Defendants; (8) breach of fiduciary duty as to Defendants Cohen and Lee; (9) failure to supervise as to Defendant Cohen; (10) negligence as to all Defendants; and (11) unjust enrichment as to all Defendants. These claims relate to fraudulent trading practices and day trading of approximately 18,000 buy/sell orders in approximately 5,121,000 securities between June 1996 and February 1997.

Upon Defendant Cohen's oral motion, Loretta Rosati was added as a party. She then adopted all claims and defenses asserted by and against Vincent Rosati. Defendants asserted the following defenses: (1) Plaintiffs failed to state a claim upon which relief may be granted; (2) Plaintiffs

knew of the risks involved with their investments; (3) Defendants Bekhor and Cohen were not liable for the conduct of Lee; (4) Defendants Cohen and Bekhor also asserted that Plaintiffs authorized and ratified the transactions at issue and that Plaintiffs were estopped from asserting claims relating to the transaction at issue. Also, Defendants Cohen and Bekhor asserted a counterclaim for defamation against Plaintiffs. Defendants Cohen and Bekhor also asserted a cross-claim for indemnification against Defendant Lee. Plaintiffs denied all claims made in the counterclaim.

Except for the above-recited claims, all other claims, cross-claims, and counterclaims were dismissed with prejudice and need not be recited here. An amended award was issued on October 19, 2000. This award deemed Cohen, Lee, Bekhor, and Island Securities to be jointly and severally liable to the Plaintiffs for the following damages: (1) compensatory damages of $113,316.00, plus pre-judgment interest in the amount of $33,600.00, and post-judgment interest accruing at the legal rate under Florida law in accordance with Section 10330(h) of the Code; (2) punitive damages of $400,000.00, plus post-judgment interest accruing in the same manner as above; and (3) reimbursement of the claim filing fee in the amount of $300.00. The Panel also allowed for a court to award attorney's fees, but did not award them as it does not have the power to do so.

**STANDARD OF REVIEW**

 District courts have discretion to vacate arbitration awards, however, this authority is not without limits. Great deference is afforded to these types of awards. *O.R. Securities, Inc. v. Professional Planning Associates*, 857 F.2d 742, 746 (11th Cir.1988). There are four statutory grounds upon which a court may vacate an award and three non-statutory grounds. The Eleventh Circuit's procedure for reviewing arbitration awards is as follows: If the arbitration award is silent as to its rationale, the "reviewing court first reviews the arbitration award to determine if there is a rational basis for the award. The onus is on the party requesting the vacatur to refute . . . every rational basis upon which the arbitrator could have relied.'" *Brown v. Rauscher*, 994 F.2d 775, 779 (11th Cir.1993) (quoting *Robbins v. Day*, 954 F.2d 679, 684 (11th Cir.), *cert. denied, sub nom. Robbins v. Paine-Webber, Inc.*, 506 U.S. 870, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992)). If a proper basis for the award is found, then the party seeking to vacate the award is restricted to only the four statutory grounds. However, when an award is *not* silent as to its rationale, the reviewing court shall review any of the statutory or non-statutory grounds raised by the party seeking to vacate. *Id.*

**DISCUSSION**

The Arbitration Award at issue begins by naming the representation of the parties, then gives case information, and next provides a case summary. The case summary outlines the Plaintiffs' causes of action as described in the Statement of the Claim. The case summary also outlines the responses, counterclaims, and cross-claims presented to the Arbitration Panel. It then states the relief requested by each party. Next, it discusses other issues considered and decided by the Panel, such as claims against other parties that were dismissed for various reasons. Finally, the Panel presents its full and final resolution of the issues submitted for determination and its award. Paragraph four of the award section states a lump-sum amount for compensatory damages along with pre-judgment and post-judgment interest. Paragraph five states a lump-sum amount of punitive damages along with post-judg-

ment interest. Paragraph six of the arbitration award's award section states, "The Panel finds that Respondents Cohen, Lee, Bekhor, and Island Securities violated Sections 517.211 and 517.301, Florida Statutes." It is this statement that brings the arbitration award into question.

It is well established that an arbitration panel need not state any basis for its award. This Arbitration Panel, in its award, did not specify which facts it found to be true, or which facts led to its conclusion, nor did it state with any specificity upon which law or laws it relied in awarding the monetary damages. The paragraph in question does not conclusively state that the *only* violations found were violations of the Florida Statutes. There is a fine line between offering a basis for an award and merely stating a fact or law that was found. This award gives very little information to distinguish between the two. This arbitration panel had to have made many determinations and conclusions during the course of hearing this dispute. Out of the many determinations, this one determination was stated in the award, however, that does not allow this Court to automatically assume that this is the only conclusion drawn.

Since this award was partially silent as to its rationale, this Court must follow Eleventh Circuit procedure to determine whether there was a rational basis for an award. The award states that "[t]he causes of action relate to fraudulent trading practices and day trading of approximately 18,000 buy/sell orders in approximately 5,121,000 securities." Based on the arbitration panel's finding for the Plaintiffs, this Court must take this fact as true. Therefore, there is a rational basis for the award. Since there is a rational basis for the award, according to procedure, the only grounds that may be examined are the four statutory grounds for vacatur. Of these four, the only two

raised by Defendant Cohen are (1) exceeding the arbitrators' powers and (2) evident partiality.

## I. Statutory Grounds for Vacatur

### A. Exceeding Arbitrators Powers

Defendants argue that the Arbitrators exceeded their powers by ruling on a claim that was not submitted to them. The law is clear, as Defendant, Cohen, states on page 7 of his Motion to Vacate the Arbitration Award, that "if an arbitration panel rules on issues not presented to it by the parties, it has exceeded its authority and the award must be vacated." *Dighello v. Busconi*, 673 F.Supp. 85, 87 (D.Conn.1987) (citing *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)). However, the general *issue* submitted to the arbitration panel was securities fraud. While the specific law mentioned in the Award was not submitted to the arbitrators, the issue of securities fraud was submitted. Pursuant to § 11 of the Federal Arbitration Act (FAA), the grounds for modification occurs if the arbitrators decide *matters* not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted. 9 U.S.C.S. § 11. Since the subject *matter* was submitted to them, § 11 does not apply here. Hence, there is no basis for modification of the award. Therefore, it is the opinion of this Court that the Arbitrators did not exceed their powers.

### B. Evident partiality

The Defendant, Alan Steven Cohen, asserts evident partiality on the part of the arbitrators. In order to find that there was evident partiality, "The alleged partiality must be direct, definite, and capable of demonstration rather than remote, uncertain and speculative." *Life-*

care International, Inc. v. CD Medical, Inc., 68 F.3d 429, 433 (11th Cir.1995). The Defendant has made no assertions, nor established any facts, that indicate improper motives on the part of the Arbitrators prior to their decision. "The mere appearance of bias or partiality is not enough to set aside an arbitration award." Id. This Court sees no basis for vacatur on grounds of evident partiality, as there are no direct or definite facts, or even suggestions, that the arbitrators acted inappropriately or had an alternative agenda.

## II. Non–Statutory Grounds for Vacatur

While this Court has found that non-statutory grounds for vacatur should not be considered, this Court finds that if they were reviewed, as below, they would not alter the outcome of this case.

### A. Manifest Disregard of Law

 Manifest disregard of the law requires that: "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." Dawahare v. Spencer, 210 F.3d 666, 668–669 (6th Cir.2000). In the instant case, the applicable legal principle was clearly stated, however, there is no basis for this Court to say that the arbitrators refused to heed that principle. Again, this Court cannot assume that the arbitration panel took only the Florida Statutes into consideration. It is not necessary for an arbitration panel to invoke any statute by name; it is also not necessary to give complete reasoning for an arbitration panel's decision. In this case, the arbitration panel did not specify which facts it found to be true, nor did it specify, beyond doubt, which law or laws it found to be violated. Given this information, this Court cannot vacate the arbitration award for manifest disregard of the law.

### B. Arbitrary and Capricious

 This Court may vacate an arbitration award that is arbitrary and capricious only if "a ground for the arbitrator's decision cannot be inferred from the facts of the case." Id. at 434. (quoting Ainsworth v. Skurnick, 960 F.2d 939, 941 (11th Cir.1992)). Since Florida law and Federal securities law are so similar, this Court can infer from the written arbitration award that there are sufficient grounds for the decision. "Stating a cause of action under the Florida Securities Investors Protection Act or Florida common-law fraud is virtually identical to stating a claim under Rule 10b–5, except that scienter requirement under Florida law is satisfied by showing of mere negligence, where as Rule 10b–5 requires reckless disregard." In re Sahlen & Associates, Inc. Securities Litigation, S.D.Fla.1991, 773 F.Supp. 342. Also, regardless of the similarities or differences of Florida securities law and Federal securities law, the arbitration panel stated that "[t]he causes of action relate to fraudulent trading practices and day trading of approximately 18,000 buy/sell orders in approximately 5,121,000 securities." This gives grounds for the award. Since there are sufficient grounds for the award, the award will not be vacated since it is not arbitrary and capricious.

### C. Public Policy

 "[T]he Public policy exception is implicated when enforcement of the award compels one of the parties to take action which directly conflicts with public policy." See, e.g., Delta Air Lines, 861 F.2d at 671 (enforcement of award violated public policy because it required reinstatement of pilot who had piloted aircraft while drunk); Iowa Elec. Light and Power Co. v. Local Union 204 of the Int'l Bhd. Of Elec. Workers, 834 F.2d 1424, 1428 (8th Cir.1987) (enforcement of award violated public policy because it

required reinstatement of nuclear power plant machinist who had deliberately pulled fuse on containment area door in violation of NRC rules). *Brown* at 782.

▮ Neither party, in the instant case, will be required to take any action, which directly conflicts with public policy. The damages to be paid by the Defendant are compensatory for the amount of money the Plaintiffs lost due to the fraudulent trading practices. The punitive damages awarded are discussed below.

Essentially, for this Court to vacate an arbitrator's decision, it must find that there is no basis for the Panel's decision. This Court finds that the Panel's award was not arbitrary and capricious, nor violative of any public policy. The Panel need not state the reasons for its award. *Robbins* at 684. The decision was not so palpably faulty that no judge could have arrived at the same ruling. This Court can infer grounds for the Panel's award from the facts of the case. "Arbitration is not a perfect system of justice, nor is it designed to be." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 at 30–32, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

### III. Punitive Damages

▮ Given that the mention of the Florida Statutes does not affect the final outcome of the arbitration award as noted above, punitive damages are not precluded from being awarded by either the federal securities law or New York law. "[T]he New York Court of Appeals has decided that in New York the power to award punitive damages is limited to judicial tribunals and may not be exercised by arbitrators..." *Mastrobuono v. Shearson Lehman Hutton, Inc., et al.*, 514 U.S. 52 at 55, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995). However, the Supreme Court of the United States has ruled that the FAA was put in place in order to overcome states refus-

als to enforce agreements to arbitrate. "Arbitration ... is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit." *Id.*

▮ Although Defendants Cohen, Lee and Bekhor did not file submissions to arbitration, however, did answer the claim, they are required to submit to arbitration and are bound by the determination of the Panel on all issues submitted. (Arbitration Award) Since there was no formal agreement and both Plaintiffs and Defendant Cohen requested punitive damages, it can be concluded that punitive damages were included in the "agreement" to arbitrate.

### IV. Attorney's Fees

▮ In the United States, absent special legislation or contract providing otherwise, the general "American Rule" is that litigants must pay their own attorney's fees. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 683–84, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983). The Florida Supreme Court in *Insurance Company of North America v. Acousti Engineering Co. of Florida*, 579 So.2d 77 (Fla.1991), held that Section 682.11 precluded arbitrators from awarding attorney's fees, but not trial courts, provided there existed a contract or statute upon which the trial court could base the award. Under Florida Statute § 517.211(3)(b), (6), reasonable attorneys' fees shall be awarded unless the court finds that these fees would be unjust. In the instant case, the award is well in excess of $500,000.00. This Court finds that this award is sufficient and that an additional award of attorney's fees would be unjust.

This Court having considered all the arguments of the parties as set forth and alleged in the aforementioned documents

is convinced that the Motion to Confirm the Award be granted. Accordingly it is

**ORDERED** that Defendant's Motion to Vacate the Arbitrator's Award (Dkt.15) be **DENIED**; and that Plaintiffs' Motion to Confirm the Award (Dkt.1) be **GRANTED**. The Clerk of Court is **directed** to enter judgment for the Plaintiffs, jointly and severally, in the amounts of: (1) compensatory damages of $113,316.00, plus pre-judgment interest in the amount of $33,600.00, and post-judgment interest accruing at the legal rate under Florida law in accordance with Section 10330(h) of the Code; (2) punitive damages of $400,000.00, plus post-judgment interest accruing at the legal rate under Florida law in accordance with Section 10330(h) of the Code; and (3) reimbursement of the claim filing fee in the amount of $300.00.