Colonel & Mrs. George
G. ISENHOWER,
Plaintiffs,

v.

MORGAN KEEGAN & COMPANY,
INC., Defendant.

Civil Action No. 03–F–566–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 11, 2004.

Thomas L. Krebs, Haskell Slaughter Young & Rediker, LLC, Lange Clark, Lange Clark, PC, Birmingham, AL, Frank H. Hawthorne, Jr., Hawthorne & Myers LLC, Montgomery, AL, for plaintiffs.

Peter S. Fruin, Catherine Wolter, Maynard, Cooper & Gale, P.C., Montgomery, AL, A. Inge Selden, III, Maynard, Cooper & Gale, P.C., Birmingham, AL, for defendant.

### MEMORANDUM OPINION AND ORDER

FULLER, District Judge.

This cause is before the Court on the Plaintiffs' Application or Motion to Modify Arbitration Award to Provide for Attorney's Fees, Costs and Interest (Doc. # 1). Colonel and Mrs. George G. Isenhower (hereinafter "Plaintiffs" or "the Isenhowers") seek modifications of an arbitration award issued by an arbitration panel after

hearing Plaintiffs' claims that Morgan Keegan & Company, Inc. (hereinafter "Defendant" or Morgan Keegan") violated the Alabama Securities Act and federal securities laws. Defendant opposes the modifications of the award Plaintiffs seek.

## JURISDICTION AND VENUE

Plaintiffs contend that this Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. § 10 because this case arises under the Federal Arbitration Act. Defendant has not challenged this assertion. Nevertheless, this Court has an independent obligation to satisfy itself that an appropriate basis for subject matter jurisdiction exists. The Court finds that it does have jurisdiction, but not for the reasons Plaintiffs assert. Contrary to Plaintiffs' assertion, the Federal Arbitration Act does not confer subject matter jurisdiction, nor does it create independent federal question jurisdiction. *See Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 (11th Cir.1997), *cert. denied,* 525 U.S. 841, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998). Independent grounds for subject matter jurisdiction must be demonstrated. *Id.* Because Plaintiffs are alleged to be residents of Alabama and Defendant is alleged to be a corporate citizen of Tennessee and more than $75,000 is in controversy, this Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court may also have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because one of Plaintiffs' claims in its underlying dispute with Defendant is brought pursuant to the Securities Exchange Act of 1934. The Court further finds that venue is appropriate. *See, e.g., Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.,* 529 U.S. 193, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000).

## FACTUAL AND PROCEDURAL PREDICATE

Defendant is a licensed securities broker engaged in the business of effecting transactions in securities for its own account and the accounts of its customers. Plaintiffs maintained a joint brokerage account with Defendant at its Montgomery branch office. Plaintiffs executed a Client Agreement with Defendant which provided that any dispute between them would be decided by arbitration.

In March of 2002, Plaintiffs instituted an arbitration proceeding against Defendant by filing a Statement of Claim with the National Association of Securities Dealers, Inc. (hereinafter "NASD"). Plaintiffs alleged breach of fiduciary duty, fraud in connection with the purchase or sale of securities in violation of § 10(b) of the Securities Exchange Act of 1934, fraud, misrepresentations, or omissions in connection with the purchase or sale of securities in violation of Section 8–6–19(a) of the Alabama Securities Act, unsuitability under the NASD Rules and the Alabama Securities Act, churning under the NASD Rules and the Alabama Securities Act, unauthorized trading under the NASD Rules and the Alabama Securities Act, and breach of Defendant's duty to supervise the activities of its employees and the trading in Plaintiffs' account. In their Statement of Claim Plaintiffs demanded $670,124.24 in damages. Additionally, Plaintiffs demanded costs, interest at the per annum rate of 6%, and reasonable attorneys' fees as provided by Section 8–6–19(a) of the Alabama Code. Finally, Plaintiffs demanded punitive damages in an amount of $350,958.

Plaintiffs have submitted to this Court a copy of a demonstrative exhibit entitled "Damage Calculations." Plaintiffs contend that this document was used in conjunction with the Plaintiffs' closing argument to the

arbitration panel and that the actual chart used was approximately 24'[sic] by 36'[sic].[1] This chart set forth a breakdown of the component parts of the $713,175 damages to which Plaintiffs claimed to be entitled. This chart included: $63,248 in "interest at 6%—as provided for by Alabama Law" on an alleged $438,716 in trading losses caused by Tucker from August to December of 2000; $7,733 in "Interest at 6%" on recision of the $60,800 purchase price of Qlogic stock purchased on February 7, 2001; and $142,635 in "Attorneys' Fees as provided by Alabama Law." This chart makes no mention of costs.

According to the record before this Court, Plaintiffs' sole submissions to the arbitration panel on the issue of attorneys' fees, costs and prejudgment interest were as follows: (1) assertions that Plaintiffs were "entitled to" such damages pursuant to Alabama Code Section 8–6–19(a) in the Statement of Claim; (2) making oral requests for an award of attorneys' fees; and (3) using this chart in conjunction with their closing argument. Thus, there is no contention that Plaintiffs ever submitted evidence in the form of testimony, affidavits, or exhibits to the arbitration panel in support of their calculation of the attorneys' fee. Moreover, there is no assertion that Plaintiffs ever presented authority to the arbitration panel demonstrating that the Alabama Code *mandated* an award of a reasonable attorneys' fee, costs, and interest to a person who established a violation of the Alabama Securities Act.

On May 12, 2003, the NASD arbitration panel assigned to handle the Plaintiffs' claim specifically found Defendant liable on the claims of unauthorized trading under the NASD rules and the Alabama Securities Act and failure to supervise under the Alabama Commission Rules and the rules of the NASD and the SEC. Based on these findings, the arbitration panel awarded Plaintiffs the sum of $20,000.00 in compensatory damages. Although, the arbitration panel specifically awarded these compensatory damages to Plaintiffs, it made it clear that it was not also awarding pre-judgment interest. Furthermore, the arbitration panel denied Plaintiffs' request for punitive damages and attorneys' fees and assessed some of the costs of the arbitration to Plaintiffs and some of the costs of the arbitration to Defendant. The arbitration panel did not provide a rationale for the lump-sum award to Plaintiffs, nor did it provide an explanation for its decision not to award attorneys' fees, prejudgment interest, or costs.

On May 27, 2003, the Isenhowers filed Plaintiffs' Application or Motion to Modify Arbitration Award to Provide for Attorney's Fees Costs and Interest (Doc. # 1) which was supported by a memorandum (Doc. # 2). Essentially, they argue that the award of the Arbitration Panel must be *modified* because the arbitrators acted in manifest disregard for the law and contravened public policy by failing to award costs, interest, and attorneys' fees to Plaintiffs, as provided by the Alabama Securities Act. Although the Plaintiffs' application is far from specific, it appears that Plaintiffs seek an order modifying the arbitration award to include additional sums for prejudgment interest, attorneys' fees, and costs. Nowhere in Plaintiffs' submissions to this Court have Plaintiffs quanti-

---

**1.** Plaintiffs stated that "[t]he actual chart used in closing argument was approximately 24' × 36'." *See* Doc. # 10 at n. 1. The Court assumes that Plaintiffs made a typographical error and that the chart was enlarged to approximately 24 inches by 36 inches, rather than to 24 feet by 36 feet as they have stated. In any case, the size of the enlargement is immaterial to this Court's inquiry. The point is made that the content of this document was displayed to the arbitration panel before it made its ruling.

fied the additional amounts they seek, nor have they provided this Court with any evidentiary basis for any award of any additional sum.

Defendant opposed Plaintiffs' Application for modification of the arbitration award. (Doc. # 9). Defendant contends that the arbitration panel did not act in manifest disregard of the law and that the award was not contrary to public policy. Defendant further contends that Plaintiffs failed to present any evidence of their fees and costs to the arbitration panel and should be precluded from presenting such evidence to this Court.

## DISCUSSION

■ The provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* (The "FAA"), control this Court's review of an arbitration award. It is well-settled that the Federal Arbitration Act was intended to relieve congestion in the courts and provide the parties with an alternative method for dispute resolution that would be quicker and less expensive than litigation. *See, e.g., O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.,* 857 F.2d 742, 745 (11th Cir.1988). Judicial review of arbitration awards is "narrowly limited," and the FAA presumes that arbitration awards will be confirmed. *See, e.g., Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.,* 146 F.3d 1309, 1312 (11th Cir.

**2.** *Overruled in part on other grounds, First Options of Chicago, Inc.,* 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

**3.** The statutory grounds for the vacating an arbitration award are somewhat different than the grounds for modifying an arbitration award. Section 10 of the FAA sets forth the exclusive statutory grounds for vacating an arbitration award. It permits vacatur:

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption of the arbitrators, or either of them.

1998), *cert. denied,* 525 U.S. 1016, 119 S.Ct. 540, 142 L.Ed.2d 449 (1998); *Davis v. Prudential Sec., Inc.,* 59 F.3d 1186, 1188 (11th Cir.1995). "The statute does not allow courts to 'roam unbridled' in their oversight of arbitration awards, but carefully limits judicial intervention to instances where the arbitration has been tainted in specified ways." *Robbins v. Day,* 954 F.2d 679, 683 (11th Cir.), *cert. denied,* 506 U.S. 870, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992)[2] (citing *Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 1410 (11th Cir.1990)). Indeed, great deference is afforded to arbitration awards. *See, e.g., O.R. Sec., Inc.,* 857 F.2d at 746; *Rosati v. Bekhor,* 167 F.Supp.2d 1340, 1344 (M.D.Fla.2001).

### A. Grounds for Modification or Vacatur of Arbitration Awards

#### 1. Statutory Grounds

■ Plaintiffs' submissions to this Court seek modification of the arbitration award and make no mention of requesting that the arbitration award be vacated. Section 11 of the FAA sets forth the exclusive statutory grounds for modifying or correcting an arbitration award.[3] A court may modify an arbitration award in the following circumstances:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Plaintiffs do not invoke any of the four statutory bases for vacatur in this action.

any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

Despite seeking modification of the arbitration award, Plaintiffs make no argument that any of the three statutory bases for modification of the arbitration award exist. Indeed, the Court's own independent review of these bases for modification of the arbitration award compels the conclusion that the arguments advanced by Plaintiffs for modification of the arbitration award are simply not grounded in any recognized statutory basis for modification set forth in the FAA. For this reason, the Court finds that the Plaintiffs' application for modification of the arbitration award is due to be DENIED.

## 2. Non–Statutory Grounds for Vacatur of An Arbitration Award

### a. Overview of Non–Statutory Grounds

■ In addition to the four statutory grounds, the Eleventh Circuit Court of Appeals has recognized three non-statutory bases for *vacatur* of an arbitration award. The award may be vacated (1) if it is arbitrary and capricious,[4] (2) if its enforcement is contrary to public policy, or (3) if it evinces a manifest disregard for the law. *Montes v. Shearson Lehman Bros., Inc.,* 128 F.3d 1456, 1458–59, 1461–62 (11th Cir.1997).

Although the grounds on which Plaintiffs' application for modification are based are not a *statutory* basis for *modification* of the arbitration award, they are recognized *non-statutory* bases for *vacatur* of an arbitration award. Plaintiffs request for modification on the basis of non-statutory grounds for vacatur is problematic for several reasons. Plaintiffs have not requested that the arbitration award be vacated, nor have they provided this Court with any legal authority for the proposition that an arbitration award can be modified, as opposed to vacated, where the arbitration panel acted with "manifest disregard" for the law or contrary to public policy.[5] Assuming for purposes of argument, without deciding the issue, that the three recognized non-statutory grounds for vacating an arbitration award can also serve as non-statutory grounds for seeking a modification of an award, the Court finds that Plaintiffs' application for modification is still due to be DENIED.

---

4. Plaintiffs have not argued that the decision of the arbitration panel not to award attorneys' fees, costs, and interest pursuant to Section 8–6–19(a) of the Code of Alabama was arbitrary and capricious. Consequently, the Court need not address this issue.

5. The Court has not been able to locate any binding precedent which clearly addresses the issue of whether the non-statutory grounds for vacatur are also grounds for modification of an arbitration award. The Court did find one case in which a district court judge for the Middle District of Florida denied a petition to vacate an arbitration award, but granted the petition to modify it by striking the attorneys' fee portion of the award because the arbitrator's decision to award attorneys' fees to the investors who prevailed on common law fraud claims against their broker was arbitrary and capricious in that there was no legal basis for awarding attorneys' fees on the fraud claim. *See, e.g., In the Matter of the Arbitration Between Prudential–Bache Sec., Inc.,* 814 F.Supp. 1081 (M.D.Fla.1993). Although it does not explicitly address the issue, this decision seems to assume that the non-statutory grounds for vacatur of an arbitration award can also support modification of an arbitration award.

### b. Prerequisites to Asserting Non-Statutory Grounds

■ Because a proper basis for the award is found, Plaintiffs are restricted to reliance on statutory, rather than non-statutory grounds. The Eleventh Circuit has made it quite plain that the appropriate procedure for reviewing arbitration awards is as follows:

> If the arbitration award is silent as to its rationale, the reviewing court first reviews the arbitration award to determine if there is a rational basis for the award. The onus is on the party requesting vacatur to refute ... every rational basis on which the arbitrator could have relied. If a proper basis for the award is found, then the party seeking to vacate the award is restricted to only the four statutory grounds. However, when an award is *not* silent as to its rationale, the reviewing court shall review any of the statutory grounds or non-statutory grounds raised by the party seeking to vacate.

*Rosati*, 167 F.Supp.2d at 1344 (internal citations and quotations omitted; emphasis in original). *Accord, Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 779 (11th Cir.1993). Thus, before evaluating Plaintiffs' arguments that the non-statutory grounds warrant modification of the award of the arbitration panel in this case, the Court must first ascertain whether the arbitration award is silent as to its rationale.

The Court finds that the arbitration award is silent as to its rationale for its decision not to award Plaintiffs attorneys' fees, costs, and prejudgment interest. The arbitration award does accurately set forth the causes of action asserted by Plaintiffs, and it summarizes the various forms of relief requested. The award finds Morgan Keegan liable "on the claims of unauthorized trading under the NASD rules and the Alabama Securities Act and failure to supervise under the Alabama Commission Rules and the rules of the NASD and the SEC." The award provides that Morgan Keegan shall pay Plaintiffs "$20,000.00 in compensatory damages, pre-judgment interest specifically excluded." The rationale for the exclusion of pre-judgment interest is not set forth. Similarly, the award rejects the claims for attorneys' fees and finds that parties shall bear their respective costs. The rationale for this portion of the decision is not provided. On these fact, the Court must find that the award is partially silent as to its rationale. *See, Rosati*, 167 F.Supp.2d at 1345.

■ Having found that the arbitration award was partially silent as to its rationale, this Court must follow Eleventh Circuit procedure to determine whether there was a rational basis for the award. *See, e.g., Brown*, 994 F.2d at 779; *Rosati*, 167 F.Supp.2d at 1345. It is Plaintiffs' burden to refute every rational basis upon which the arbitration panel could have relied. *Brown*, 994 F.2d at 779; *Robbins*, 954 F.2d at 684; *Rosati*, 167 F.Supp.2d at 1344. Plaintiffs arguments to this Court do not acknowledge the proper Eleventh Circuit procedure for analyzing an arbitration award, nor do they attempt to refute every rational basis upon which the arbitration panel could have relied. Consequently, this Court cannot find that Plaintiffs have satisfied their burden of refuting every rational basis upon which the arbitration panel could have relied. Moreover, the Court finds that there are possible proper bases for the award to exclude attorneys' fees and interest. As a result of these findings, the Court is compelled to hold that Plaintiffs are limited to the *statutory* grounds for challenging the arbitration award. Plaintiffs have not argued any statutory grounds for challenging the arbitration award, but rather, sought modification of the award solely on non-statutory

grounds. For this reason, their petition to modify the arbitration award is due to be DENIED. While this Court has found that non-statutory grounds for modification or vacatur should not be considered in this case, this Court finds that even if they were reviewed, as set forth below, they would not alter the outcome of this case. Put another way, even assuming *arguendo* that there is no rational basis for the award and Plaintiffs could invoke non-statutory grounds for vacating or modifying the arbitration award, Plaintiffs have not satisfied their burden of establishing either that the arbitration panel acted with "manifest disregard" for the law or contrary to public policy.

### c. Manifest Disregard of Law

■ Plaintiffs argue that the award of the arbitration panel in this case should be modified because the arbitrators acted in manifest disregard for the law by failing to award damages expressly provided for by the Alabama Securities Act. In this case, the arbitration panel exercised its option to simply state that it was not awarding interest, attorneys' fees, or costs to Plaintiffs. It did not provide a rationale for this part of its decision. Of course, an arbitration panel is not required to state a rationale for its decision. *See, e.g., Montes,* 128 F.3d at 1462 n. 8; *O.R. Sec., Inc.,* 857 F.2d at 747. The fact that no rationale for the challenged part of the decision provides no support for Plaintiffs' contention that the decision of the arbitrator panel evinces manifest disregard for the law.

■ The Eleventh Circuit Court of Appeals has recognized that manifest disregard for the law can constitute grounds for vacating an arbitration decision. *See, Montes,* 128 F.3d at 1461. In recognizing this grounds for challenging arbitration awards, the Eleventh Circuit emphasized that it was a narrow ground available only in specific limited circumstances. *Id.* at

1461–62. Importantly, a finding of manifest disregard for the law *cannot* be premised on an argument that the arbitration panel incorrectly interpreted the law, misstated the law, or misapplied the law. *Id.* Instead, manifest disregard requires a showing that:

> 1) the party who obtained the favorable award had conceded to the arbitration panel that its position was not supported by the law, which required a different result, and had urged the panel not to follow the law; 2) that blatant appeal to disregard the law was explicitly noted in the arbitration panel's award; 3) neither in the award itself nor anywhere else in the record is there any indication that the panel disapproved or rejected the suggestion that it rule contrary to law; and 4) the evidence to support the award is at best marginal. The Court does not imply that it would find a manifest disregard of the law based on anything less than all of those factors.

*Id.* at 1464 (Carnes, J. concurring specially). The Court cannot find on the record before it sufficient grounds on which to hold that the arbitration panel in this case acted in manifest disregard to the law. Plaintiffs' arguments do nothing more than establish that the arbitration panel may have misapplied or misunderstood the law. There is no basis in this case for this Court to find that the arbitration panel's award must be vacated because the arbitration panel appreciated the existence of a clearly governing legal principle but consciously decided to ignore it at the urging of Defendant's counsel.

While it is not binding precedent, the Court finds *DiRussa v. Dean Witter Reynolds, Inc.,* 121 F.3d 818 (2nd Cir.1997), *cert. denied,* 522 U.S. 1049, 118 S.Ct. 695, 139 L.Ed.2d 639 (1998), persuasive on this issue. In that case, the Second Circuit Court of Appeals affirmed the district

court's conclusion that the arbitrators did not manifestly disregard the law in failing to comply with the mandate in the Age Discrimination in Employment Act (hereinafter "ADEA") to award fees to a prevailing litigant. *Id.* at 822. Although plaintiff's counsel in the *DiRussa* case had repeatedly stated to the arbitrators that his client was "entitled" to attorneys fees under the ADEA, the court found that in the circumstances it could not find that the arbitrators knew of a governing legal principle yet refused to apply it or ignored it. *Id.* at 821–24.

As in *DiRussa*, Plaintiffs in this case did nothing more than claim to be "entitled to" an award of attorneys' fees, costs, and prejudgment interest pursuant to a specific statute. Even assuming that for public policy reasons these remedies are mandatory under the Alabama Securities Act, rather than discretionary,[6] Plaintiffs never informed the arbitration panel of the fact. Moreover, unlike the plaintiff in *DiRussa*, Plaintiffs in this case failed to submit evidence in the form of testimony, affidavits, or exhibits admitted in evidence to support the lump sum amount claimed for attorneys' fees in this case. Consequently, this Court cannot say that the arbitration panel's award evidence manifest disregard for clearly established law.

### d. Public Policy

Plaintiffs argue that the Alabama Securities Act makes an award of attorneys' fees, interest and costs mandatory where a party recovers damages for failure to supervise or unauthorized trading in violation of the Alabama Securities Act. Plaintiffs cite numerous cases supporting the general proposition that the policy un-

derlying the Alabama Securities Act is to make civil penalties for violations of the act draconian in order to compel compliance with the act. Indeed, it seems clear that the Alabama Securities Act was enacted for the protection of the public. Consequently, Plaintiffs conclude that, given the policies underlying the Alabama Securities Act, the award of the arbitration panel which rejected their request for prejudgment interest, costs, and attorneys' fees as provided by Alabama Code Section 8–6–19(a) contravenes public policy. The Court cannot agree.

The public policy exception to the enforcement of arbitration awards is very rarely employed. As the Eleventh Circuit Court of Appeals explained,

> [s]uch a doctrine exists, but examples of arbitration results that so offend public policy that they should be set aside by a court are not readily to be found. This is not surprising. An arbitrator's result may be wrong; it may appear to be unsupported; it may appear poorly reasoned; it may appear foolish. Yet, it may not be subject to court interference. The offending arbitrator's award which properly results in our setting aside must be so offensive that one is to be seen only rarely.

*Delta Air Lines, Inc. v. Air Line Pilots Ass'n Int'l,* 861 F.2d 665, 670 (11th Cir. 1988), *cert. denied,* 493 U.S. 871, 110 S.Ct. 201, 107 L.Ed.2d 154 (1989) (affirming decision of district court which set aside an arbitration award clearly violating public policy where arbitration award ordered reinstatement of a pilot who had been discharged after he had flown a passenger plane while intoxicated).

---

**6.** The parties have devoted significant effort to arguments as to whether the award of attorneys' fees, costs, and pre-judgment interest pursuant to Alabama Code Section 8–6–19(a) is mandatory or discretionary. This

Court need not rule on this issue because it is not dispositive of this case. This Court's inquiry is not whether or not the arbitration panel misinterpreted or misapplied the law.

The public policy exception to the enforcement of arbitration awards allows courts to refuse to enforce arbitration awards where enforcement "would violate 'some explicit public policy' that is 'well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest.'"

*Brown,* 994 F.2d at 782. Typically, the public policy ground for vacating an arbitration award is applicable only when "enforcement of the award compels one of the parties to take action which directly conflicts with public policy." *Id. Accord, Rosati,* 167 F.Supp.2d at 1346–47 (holding that public policy exception to enforcement of arbitration awards was not applicable where neither party was ordered by the arbitration award to take any action which directly conflicts with public policy); *Cray v. NationsBank of N. Carolina, N.A.,* 982 F.Supp. 850, 854–55 (M.D.Fla.1997) (rejecting argument that arbitration award which provided for reinstatement, but not for money damages, attorneys' fees, or costs should be vacated on public policy grounds). Where the arbitration award does not compel either party to take action which conflicts with public policy, the public policy exception to the enforcement of arbitration awards does not apply. *Id.*

Indeed, where the public policy argument is "no more than a complaint that the Panel failed to interpret the law correctly[,]" the arbitration award may not be set aside. *Brown,* 994 F.2d at 782. For example, where plaintiffs challenge the failure of an arbitration panel to award them damages which they argued were mandatory pursuant to a statute because they had successfully sued a seller of securities, the argument that the arbitration award violated the explicit public policy behind the statute is "no more than a complaint that the Panel failed to interpret the law correctly." *Id.* Such an argument does not support a finding that an arbitration award must be vacated on public policy grounds. *Id.* In light of the foregoing authority, this Court finds Plaintiffs' argument that the arbitration award must be modified because the failure to award them attorneys' fees, costs, and prejudgment interest violates an explicit public policy is without merit.

### 3. Authority Cited in Support of Plaintiffs' Request for Relief

In support of their application for the modification of the arbitration award, Plaintiffs rely on a variety of cases. Most of these cases were offered in support of Plaintiffs' contention that an award of the attorneys' fees, costs, and interest they sought pursuant to Alabama Code Section 8–6–19 was mandatory because they had established a violation of the Alabama Securities Act or Plaintiffs' contentions regarding the policies underlying the Alabama Securities Act. In addition to those cases Plaintiffs rely on *Ainsworth v. Skurnick,* 909 F.2d 456 (11th Cir.1990) (certifying a question regarding the Florida securities law to the Florida Supreme Court), *Kane v. Shearson Lehman Hutton, Inc.,* 916 F.2d 643 (1990) (affirming decision of the district court to increase damages awarded to plaintiff at arbitration), and *Robbins v. Thomson McKinnon Sec., Inc.,* No. CV89–PT–0093–S, 1991 WL 138314 at *1 (N.D.Ala. June 14, 1991), *aff'd without opinion,* 966 F.2d 1461 (11th Cir.1992) (declining to modify arbitration award to add interest, but agreeing to modify arbitration award to add attorneys' fees pursuant to Section 8–6–19 of the Alabama Code) to support their contention that this Court can and should modify the arbitration award to add attorneys' fees, costs, and prejudgment interest to the compensatory damages awarded. This Court cannot follow these cases and award the relief Plaintiffs' demand without consciously dis-

regarding significant subsequent developments in the law of this circuit. Clearly, the Eleventh Circuit Court of Appeals now dictates that district courts evaluating a petition for modification or vacatur of an arbitration award employ the paradigm outlined in the cases discussed in this Memorandum Opinion and Order.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' Application or Motion to Modify Arbitration Award to Provide for Attorney's Fees, Costs and Interest (Doc. #1) is DENIED. It is further ORDERED that the Clerk of the Court shall close this file.